[884 NYS2d 873]

In the Matter of BLONDE GRAYSON HALL (Admitted as BLONDE
W. GRAYSON), a Suspended Attorney, Respondent. GRIEV-
ANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIR-
TEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 8, 2009

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for petitioner.

*Windels Marx Lane & Mittendorf, LLP*, New York City (*Preben Jensen* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated November 13, 2007 containing one charge of professional misconduct. After a prehearing conference on July 23, 2008 and a hearing on August 11, 2008, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to discipline the respondent as the Court deems appropriate. The respondent cross-moved to confirm, in part, the Special Referee's report and to discipline her as the Court deems appropriate, with a specific request that the discipline imposed be limited to a suspension commencing from the date of the initial order of suspension, i.e., October 29, 2007, until the date of this opinion and order.

Charge one alleges that the respondent is guilty of professional misconduct in that she has been convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (a) (3) and (4) (22 NYCRR 1200.3 [a] [3], [4]). That portion of the charge as alleged a violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) was later withdrawn at the hearing.

In March 2006 the respondent pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to three counts of the federal misdemeanor of failure to file tax returns, in violation of 26 USC § 7203. On or about March 21, 2007, she was sentenced to a determinate term of one year of imprisonment, to be followed by a one-year period of supervised

release. She was also fined in the sum of $20,000, and subjected to an assessment in the sum of $75.

In view of the uncontroverted nature of the evidence, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm and the respondent's cross motion, to the extent that it seeks to confirm the Special Referee's report, are granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has no disciplinary history in New York. The respondent consented to an interim suspension in both Pennsylvania and Massachusetts, where she was also admitted to practice law. As the Grievance Committee has informed the Court, the respondent has been reinstated in Massachusetts as of May 2008 and is currently on inactive status. She remains suspended in Pennsylvania, based on her agreement to a temporary suspension pending the outcome of the ongoing disciplinary proceeding.

The respondent stresses that she has met all of the conditions of her probation. She maintains that exhaustion, rather than venality, underlies her behavior, and attributes her failure to file tax returns to the unfortunate circumstances in her life. As evidence of her lack of venal intent to evade the payment of federal taxes, the respondent points to her filing of extension requests for each of the years at issue.

Inasmuch as the respondent has already been suspended on an interim basis since October 29, 2007, she is suspended for a term consistent with the time elapsed since her interim suspension, with leave to apply for reinstatement immediately.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent that the report of the Special Referee is confirmed and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Blonde Grayson Hall, admitted as Blonde W. Grayson, is suspended from the practice of law for a time commensurate with the time elapsed since her interim suspension, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement immediately upon furnishing satisfactory proof that during the

said period she (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Blonde Grayson Hall, admitted as Blonde W. Grayson, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Blonde Grayson Hall, admitted as Blonde W. Grayson, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).